UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RAISEAN STEWART

VERSUS

SHERIFF JEFFREY F. WILEY, IN HIS
OFFICIAL CAPACITY, DEPUTY CRAIG
BEAMAN IN HIS INDIVIDUAL CAPACITY
AND OFFICER JOHN DOE

CIVIL ACTION

NO. 11-189-BAJ-DLD

## ORDER OF DISMISSAL

This matter is before the Court on a motion by defendants, Jeffrey F. Wiley, Sheriff of Ascension Parish, and Deputy Craig Beaman, to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed no opposition to the motion and jurisdiction is based on 28 U.S.C. § 1331.

Plaintiff filed the complaint in the present matter on March 29, 2011, alleging that he was subjected to unnecessary force and false arrest on or about May 5, 2009. Though, under Louisiana law, delictual actions are subject to a liberative prescriptive period of one year pursuant to Article 3492 of the Louisiana Civil Code, plaintiff asserts in his complaint that prescription was interrupted when he filed a timely suit against defendants in the 23rd District Court for the Parish of Ascension Defendants (doc. 1, ¶ 1).

The record, however, demonstrates that the claims asserted in that matter were dismissed because plaintiff failed to request service within 90 days of commencement of the action as is required by Article 1201(C) of the Louisiana

Code of Civil Procedure.[1] Moreover, LSA–R.S. §13:5107, provides, in pertinent part that:

> When the state, a state agency, or political subdivision, or any officer or employee thereof, is dismissed as a party [for failure of plaintiff to timely request service], the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof.

LSA–R.S. §13:5107(D)(3).

Moreover, LSA–R.S. §13:5102(B)(1) specifically provides that a sheriff is a political subdivision for purposes of the statute, and that an employee of any political subdivision is also a political subdivision for purposes of the statute. Therefore, the Court concludes that Sheriff Jeffrey Wiley and Deputy Craig Beaman are subdivisions of the state for purposes of LSA–R.S. §13:5107(D)(3).

For all of the foregoing reasons, the Court concludes that prescription was not interrupted when plaintiff filed suit in state court. Because plaintiff has set forth no other ground for the tolling of the prescriptive period and this matter was not commenced within a year of the alleged delictual actions, the Court concludes that plaintiff's claims are prescribed.

---

[1] See (doc. 11-2, p. 15, Ex. C).

## CONCLUSION

Accordingly, the motion by defendants, Sheriff Jeffrey F. Wiley, and Deputy Craig Beaman, to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 11) is **GRANTED**, and **IT IS ORDERED** that this matter be, and is, hereby **DISMISSED**, with prejudice and at plaintiff's cost.

Baton Rouge, Louisiana, September 26, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA